UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NICHO ANDROPOLIS SIMON and ADRIAN LEANDREW CARTER, ) ) ) ) Plaintiffs, ) ) v. ) BRIAN DAVIS, ) ) Defendant. ) | CV423-302 |

| | |
|---|---|
| NICHO A. SIMON, ) ) Plaintiffs, ) ) v. ) ) UNKNOWN, ) ) Defendant. ) | CV423-322 |

# ORDER

*Pro se* plaintiff Nicho Simon has filed the two above-captioned cases, apparently related to the same events, as discussed more fully below. In the earlier-filed case, he purported to assert claims on both his own behalf and on behalf of another inmate, who did not sign the Complaint. *See* CV423-302, doc. 4 at 2-3 (S.D. Ga. Oct. 16, 2023). The

Court, therefore, recommended that the nominal co-plaintiff be dismissed. *Id.* That recommendation remains pending before the District Judge. *Id.* Simon also moved to pursue that case *in forma pauperis*, CV423-302, doc. 2 (S.D. Ga. Oct. 11, 2023). The Court granted that request and directed him to return several forms. CV423-302, doc. 4 at 3-7. He returned the forms, *see* CV423-302, docs. 5 & 6 (S.D. Ga. Nov. 6, 2023), but the second form is blank and unsigned, doc. 6. On the same day he returned the forms, Simon also filed a second Complaint. *See* CV423-322, doc. 1 (S.D. Ga. Nov. 6, 2023). He also moved to pursue that Complaint *in forma pauperis*. CV423-322, doc. 2 (S.D. Ga. Nov. 6, 2023). Although his request to proceed *in forma pauperis* might be granted, the substance of the two complaints requires clarification.

Simon's first-filed Complaint alleges that Defendant Brian Davis, another inmate, robbed him and his "significant other" of their breakfast and threatened them on "September 9," apparently 2023. *See* CV423-302, doc. 1 at 5. On September 10, the same inmate attempted to stab him and punched him. *Id.* The Complaint was signature-filed[1] on

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary . . ., [courts]

---

September 14, 2023. *Id.* at 6. The Complaint expressly states that Simon has not filed any other lawsuits in federal court during his incarceration. *See id.* at 1-2. Simon's second-filed Complaint alleges that on "September 9," an unidentified "defendant that is a known, violent gang member," robbed him and his "significant other" of their breakfasts. CV423-322, doc. 1 at 5. On September 10, the same defendant punched him and tried to stab him. *Id.* Although that Complaint was not received by the Clerk until November 6, 2023, it was signature-filed on September 11, 2023. *Id.* at 1, 6. Like the first-filed Complaint, the second-filed Complaint expressly states that Simon has not filed any other lawsuits in federal court during his incarceration. *Id.* at 1-2.

Given the two Complaints, Simon appears to have filed redundant pleadings, one of which misrepresents his litigation history. Regardless of how the Court resolves the convoluted chronology of the two complaints, one or the other's representation that no other complaints have been filed must be false. Both Complaints were signed under penalty of perjury. *See* CV423-302, doc. 1 at 6; CV423-322, doc. 1 at 6. A

---

will assume that [a prisoner's filing] was delivered to prison authorities on the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

plaintiff's misrepresentation of his litigation history warrants dismissal. *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner failed to accurately disclose previous litigation); *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." (citation omitted)). Dismissal as a sanction for selective disclosure, much less wholesale misrepresentation, is well established in this District. *See, e.g., Brown v. Wright*, CV111-044, doc. 12 (S.D. Ga. June 17, 2011); *Hood v. Tompkins*, CV605-094, doc. 8 (S.D. Ga. Oct. 31, 2005), *aff'd,* 197 F. App'x 818 (11th Cir. 2006). However, given the ambiguous chronology and substantively identical factual allegations of Plaintiff's two Complaints, the Court cannot be certain whether the multiple filings were mistaken, rather than malicious.

Moreover, since the Complaints raise substantively identical claims, the Court might consolidate them, rendering the second-filed request to proceed *in forma pauperis* moot. Where "actions before the

court involve a common question of law or fact," the court may join the actions, in whole or in part, "to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Rule 42(a) "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal punctuation and citation omitted). Consolidation under Rule 42(a) allows the Court to "eliminate unnecessary repetition and confusion." *Id.* at 1169 (internal punctuation and citation omitted).

Finally, it is clear that, as pleaded, neither Complaint states a claim upon which relief can be granted. The first-filed Complaint clearly identifies Brian Davis, another inmate, as the sole defendant. *See* CV423-302, doc. 1 at 4. It seeks to have Davis "punished to the highest extent of the law," but requests monetary damages from "prison administration." *Id.* at 6. The second-filed Complaint does not name any defendant at all, *see* CV 423-322, doc. 1 at 1, 4, but it appears that the unnamed "defendant," is, again, Davis, *id.* at 5. It also seeks to have "defendant and the administration at Coastal State Prison to be penilized [sic] to the highest extent of the law," and monetary damages. *Id.* at 6.

First, other prisoners are not proper defendants in a 42 U.S.C. § 1983 case. Section 1983 provides relief against defendants acting "under color of law." *See, e.g., Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000) ("To obtain relief under § 1983, [Plaintiff] must show that he was deprived of a federal right by a person acting under color of state law."). The inmate defendant that Simon names is, quite obviously, not acting under color of law. *See, e.g., Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) ("We affirm the District's order, as it properly concluded that [Plaintiff] cannot sue [another i]nmate . . . under § 1983 because he is not a state actor."); *Jackson v. Foster*, 372 F. App'x 770, 771 (9th Cir. 2010) ("inmate [defendant] did not act under color of state law under any formulation of the governmental actor test."); *Fox v. Harwood*, 2009 WL 1117890, at *1 (W.D.N.C. Apr. 24, 2009) ("Plaintiff's fellow inmate is not a state actor for purposes of § 1983 liability."). Claims against Davis, therefore, appear subject to dismissal.

The requests for relief against "prison administration," implicates a possible claim. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations and citations omitted). "It is

not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Merely negligent failure to protect an inmate from attack does not justify liability under § 1983. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). The threat must rise to the level of "a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Id.* (internal quotation marks and citation omitted).

Neither of Simon's complaints allege any fact that suggests that any particular officer was subjectively aware of any threat. "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. . . . Each individual Defendant must be judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008); *see also Robinson v. Owens*, 2014 WL 2617281, at *5 (M.D. Ga. June 12, 2014) (applying *Burnette* to analyze a

7

failure-to-protect claim). The closest he comes to alleging any defendant's knowledge of the threats to his safety is the allegation that his "hardships and oppression [was] going on in officers['] faces and nothing being done about it." CV423-322, doc. 1 at 6. To the extent that Simon might clarify his allegations to state a claim against some prison official or employee, he must file an amended complaint.

Simon's requests that Davis and unidentified prison officials be "punished to the highest extent of the law," *see, e.g.,* CV423-302, doc. 1 at 6, suggests that he might seek to initiate a criminal investigation or prosecution. Private citizens are simply not permitted to initiate criminal actions in federal court. *See, e.g., Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution." (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."))); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution."). The Court is also without authority to order the United States Attorney, or indeed any other law enforcement officer, to initiate a prosecution. *See,*

*e.g., Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) (citations omitted) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the insistence of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made[,] . . . even in cases . . .where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system."). Such orders would violate the Constitution's separation of powers between the Executive and Judicial Branches. *See id.* at 379-80 (quotes and cite omitted) (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.").

Given the multiple issues with Simon's cases, the Court will afford him an opportunity to clarify his intentions. First, he must address the defect in the Prisoner Trust Fund Account Statement form. *See* CV423-302, doc. 6. As the form states, he must have the form completed,

9

including "a certified copy of the prisoner's trust account statement," by "the appropriate prison official." *Id.* at 1.  Second, he must explain the redundant allegations in the two complaints and his failure to fully disclose his litigation history.  To do so, he must respond to this Order and explain: (1) the discrepancy in his disclosed litigation history and (2) whether he agrees that these two cases should be consolidated.  Finally, he must submit an Amended Complaint that identifies a proper defendant or defendants and alleges sufficient facts to state a claim against that defendant or defendants.

Accordingly, Simon is **DIRECTED** to submit (1) the properly completed Prisoner Trust Fund Account Statement form, (2) a written explanation addressing his failure to disclose his litigation history and consolidation of these cases, and (3) an Amended Complaint by no later than November 27, 2023.  Pending final consolidation, the Clerk is **DIRECTED** to docket any of Simon's submissions in both cases.  To facilitate his compliance, the Clerk is **DIRECTED** to send him a blank copy of the Prisoner Trust Fund Account Statement form and Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)).  Simon is advised that his amended complaint will supersede the current operative

complaints and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Simon is further advised that failure to timely submit any of the required documents may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED**, this 13th day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA