# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| NICHO ANDROPOLIS SIMON, and ADRIAN LEANDREW CARTER, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CV423-302 |
| BRIAN DAVIS, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Nicho Andropolis Simon filed this case alleging that he has been targeted for harassment by another inmate at Coastal State Prison. *See* doc. 1 at 5. His Complaint also purported to assert claims on behalf of another inmate, Adrian Leandrew Carter. *See id.* at 1. The Court recommended that Carter be dismissed as he did not sign the Complaint and Simon could not proceed *pro se* on his behalf. *See generally* doc. 4. That recommendation remains pending before the District Judge. After Simon returned forms related to his proceeding *in forma pauperis*, the Court directed him to respond to clarify the appearance that he had filed redundant and misleading complaints. *See*

*generally* doc. 7. The deadline for him to respond to that Order has passed and he has not complied with its instructions. *See generally* docket. The Order expressly warned him that "failure to timely submit any of the required documents may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute." Doc. 7 at 11.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders or failed to prosecute their claims. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Simon's failure to respond to the Court's Order merits dismissal.

Accordingly, Simon's Complaint should be **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 41(b). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of

service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 22nd day of December, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA